IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL ANDREW JOHNSON
ADC #110504                                                                                    PLAINTIFF

V.                              NO. 4:21-cv-00488-JM-ERE

DEXTER PAYNE, Director of the
Arkansas Department of Correction, et al.                             DEFENDANTS

### ORDER

Pending before the Court are Plaintiff Michael Andrew Johnson's motion to amend complaint *(Doc. 23)*, motion for judicial review of administrative action *(Doc. 24)*, motion to amend complaint *(Doc. 26)*, and motion for status *(Doc. 28)*.

In the first Motion to Amend Complaint, Mr. Johnson asks to add the United States as a Defendant. However, no allegations in the complaint or proposed amended complaint set forth any cause of action against the United States. Additionally, the United States is "is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Since the United States has not expressly consented to be sued with regard to whether the Arkansas Department of Correction is failing to protect Plaintiff from other inmates, adding it as a party would be futile. "Futility is a valid basis for denying leave to amend."

1

*Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009)).

In the motion for judicial review of administrative action, Mr. Johnson appears to argue that a ruling in a previous case – *Johnson v. Kelley*, No. 5:19-CV-00242-BRW (E.D. Ark.) – was erroneous. In that case, the Court granted summary judgment on December 16, 2019, and the ruling was affirmed by the Eighth Circuit. Filing a motion in this case is not the appropriate way to contest rulings in a previous case.

In the second motion to amend complaint, Mr. Johnson asks to add causes of action for "deliberate indifference" and "mental anguish." *Doc. 26.*[1] Deliberate indifference is already in the complaint, so amending is unnecessary. A cause of action for mental aguish is futile, because "[n]o federal civil action may be brought by prisoner . . . for mental or emotional injury . . . without prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). Mr. Johnson has not alleged a physical injury. Therefore, his motion to amend is denied.

In the motion for status, Mr. Johnson wants to know why some named defendants have not yet been served. The Court has directed the U.S. Marshal to attempt service on these defendants.

---

[1] The Court notes that this is Mr. Johnson's *fourth* motion to amend complaint since the original complaint was filed on June 3, 2021. Although leave to amend should be given freely, if Mr. Johnson continues to file motions to amend that lack merit, they are likely to be denied out of hand. Otherwise, there is no way for this case to progress.

IT IS THEREFORE ORDERED THAT Plaintiff Michael Andrew Johnson's motion to amend (Doc. 23), motion for judicial review (Doc. 24), and motion to amend *(Doc. 26)* are DENIED. The motion for status *(Doc. 28)* is GRANTED.

Dated this 24th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE